# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Mark W. DeLaquil
direct dial: 202.861.1527
mdelaquil@bakerlaw.com

January 11, 2016

**VIA CM/ECF**

Hon. Paul A. Crotty
United States District Court for the Southern
District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

Re:   Response to Interstate's Letter of January 8, *Chelsea Grand LLC v. Interstate Hotels & Resorts, Inc, et al.,* S.D.N.Y. 1:09-cv-00924-PAC

Dear Judge Crotty:

    Chelsea Grand requests that the Court either allow Chelsea Grand's proposed redactions or allow the Second Amended Complaint to be placed on the public docket in its entirety. The information in the Second Amended Complaint is already publicly available and is not of the type that merits precluding public access. Chelsea Grand likewise opposes an order precluding the use of discovery from the Chelsea/Union case in this litigation. The Court's and parties' resources are best spent not recreating the wheel, particularly given the significant length of time between today and the events at issue in this case.

    1.    Chelsea Grand outlined the factual basis of its claims against Interstate in two complaints filed on the public docket in 2008. *See* Dkt. 1-26. Nearly all the information in Chelsea Grand's Second Amended Complaint can be found in its first two complaints. Interstate

Hon. Paul A. Crotty
January 11, 2016
Page 2

has never before argued that this information should be sealed or that confidential information had been used in preparing the case. Additionally, most new material in the Second Amended Complaint concerns the Chelsea/Union litigation, which was conducted in public. *See* Dkt. 25 ¶¶ 77–92. There is no reason to seal information that has already been filed on the public docket, that occurred in open court, or that is publicly available in judicial decisions.

    2.    The Second Amended Complaint also includes a few new paragraphs alleging Interstate's admissions in the Chelsea/Union case. *See* Dkt. 25 ¶¶ 28–33, 41. All or nearly all of this material was filed on the public docket in the Chelsea/Union case. The admissions referenced in Paragraphs 28–31 of the Second Amended Complaint were filed publicly by the Union in support of its summary judgment motion in the Chelsea/Union litigation. *See* Case No. 1:07-cv-02614-PAC, Dkt. 81-50 (Exhibit H), pp. 14–16. The admissions referenced in Paragraphs 32–33 were filed publicly by the Union as well. *See* Case No. 1:07-cv-02614-PAC, Dkt. 81-48 (Exhibit G part 2 of 3), p. 5. Nevertheless, out of an "an abundance of caution," Dkt. 26 at 2, Chelsea Grand asked for Interstate's admissions, which were made in depositions, to be sealed.

    3.    In addition, "sealing should not be done without a compelling reason," *City of Harford v. Chase*, 942 F.2d 130, 135 (2d Cir.1991), and only after "specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim," *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quotation omitted). Interstate has cited no "higher values" necessitating sealing, the Second Amended Complaint does not include the kind of sensitive trade-secret or strategic information that may warrant sealing, and sealing the <u>entire</u> document is not "narrowly tailored."

4. Interstate's attempt to erect a wall between the Chelsea/Union case and this one is unfounded. It would be unduly burdensome for the Court and the parties to engage in discovery that is duplicative of the discovery taken in the Chelsea/Union case. It would also be contrary to the interests of justice, as the events underlying Interstate's breaches of its obligations to Chelsea Grand occurred nearly a decade ago, and discovery in the Chelsea-Union case is far more contemporaneous with those events than discovery beginning in 2016. Indeed, Interstate's transfer motion expressly argued that this Court has "made several appropriate discovery rulings *that should control in the current related dispute*, leading to increased efficiency," E.D. Va. Case 1:08-cv-01180-LO-JFA, Dkt. 10 at 2 (emphasis added), and that the this Court "has already expended enormous time and effort learning these issues, addressing the voluminous nonparty discovery directed at IHR, and trying the SDNY Action," *id.* at 27.

\*   \*   \*

For these reasons, Chelsea Grand requests that the Court either issue an order authorizing the partial sealed filing proposed by Chelsea Grand on January 7 or, in the alternative, for the Court to order Chelsea Grand to file its Second Amended Complaint on the public docket with no redactions. Chelsea Grand agrees with Interstate that a hearing is not necessary and that the parties should focus on litigating this case on the merits.

Sincerely,

/s/ Mark W. DeLaquil

Mark W. DeLaquil
Partner